WB

JS 44 (Rev. 06/17)

18 1243

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brendan Bernicker

**(b)** County of Residence of First Listed Plaintiff: Delaware, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se
1017 Hillside Circle
Villanova, PA 19085
(610) 203 - 0293

## DEFENDANTS

National Security Agency

County of Residence of First Listed Defendant: Anne Arundel, MD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
General Counsel, National Security Agency
9800 Savage Road
Ft. George G. Meade, MD 20755-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☒ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. §552

Brief description of cause:
Compel Response to FOIA Request

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 03/21/2018

SIGNATURE OF ~~ATTORNEY OF RECORD~~ Plaintiff: Brendan Bernicker

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

WB

UNITED STATES DISTRICT COURT 18 1243

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 107 Hillside Circle, Villanova PA 19085

Address of Defendant: 9800 Savage Road, Ft. George G. Meade, MD 20755-6000

Place of Accident, Incident or Transaction: N/A

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Freedom of Information Act (5 USC 552)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Brendan Bernicker, ~~counsel of record~~ do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 3/21/2018 [signature] Brendan Bernicker N/A
~~Attorney-at-Law~~ Plaintiff (Pro Se) Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 3/21/2018 [signature] Brendan Bernicker N/A
~~Attorney-at-Law~~ Plaintiff (Pro Se) Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Brendan Bernicker : CIVIL ACTION

v. :

National Security Agency : NO. 18 1243

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 3/21/2018 | Brendan Bernicker<br>Brendan Bernicker (Pro Se) | Plaintiff |
|---|---|---|
| **Date** | ~~**Attorney-at-law**~~ | ~~**Attorney for**~~ |
| (610) 203-0293 | | bbernicker@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



# IN THE UNITED STATES DISTRICT COURT

*for the*

## EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| BRENDAN BERNICKER<br>Plaintiff,<br>v.<br>NATIONAL SECURITY AGENCY<br>Defendant. | No. 18 1243<br><br>*No Jury Trial Demanded* |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Brendan Bernicker brings this action against Defendant National Security Agency ("NSA") to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff Brendan Bernicker permanently resides at 107 Hillside Circle, Villanova PA 19085, which is within the Eastern District of Pennsylvania.

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff is an American Citizen and a "requester" within the meaning of FOIA. Plaintiff is not a government entity or the representative of a government entity subject to 5 U.S.C. §552(a)(3)(E).

5. Defendant NSA is an agency of the United States. On information and belief, Defendant NSA has possession, custody, and control of records responsive to the FOIA request submitted by Plaintiff and described below.

## STATEMENT OF FACTS

6. On May 1, 2017, Plaintiff submitted a FOIA request to Defendant NSA.

7. On May 8, 2017, Defendant NSA contacted Plaintiff and asked Plaintiff to clarify and narrow his FOIA request. Plaintiff accordingly clarified and narrowed his FOIA request on that same date.

8. On May 9, 2017, Defendant NSA acknowledged receipt of the revised request and stated that it "would return to the initial processing queue pending a search for material."

9. Defendant NSA was required by 5 U.S.C. §552(a)(6)(A) to determine whether to comply with Plaintiff's request within 20 working days and to immediately notify Plaintiff of that determination and the reasons therefor.

10. Plaintiff concedes that May 8, 2017 did not count against this twenty-working-day time limit pursuant to 5 U.S.C. §552(a)(6)(A)(ii)(I).

11. Defendant NSA was therefore required to respond to Plaintiff's request on or before May 31, 2017.

12. Defendant sent Plaintiff a letter dated May 11, 2017, in which it claimed to be experiencing delays in processing due to "a significant increase in the number of requests being received by this agency."

13. Under 5 U.S.C. §552(a)(6)(C)(ii), "a delay that results from a predictable agency workload of requests under this section" does not constitute an "exceptional circumstance" that would justify an extension of the statutory time limit.

14. Defendant did not provide notice to Plaintiff that Defendant would need an extension of the time limit to process Plaintiff's request pursuant to 5 U.S.C. §552(a)(6)(B)(i).

15. Defendant did not communicate to Plaintiff any determination on whether Defendant would comply with Plaintiff's FOIA request. Defendant further did not provide any information responsive to Plaintiff's FOIA request in this letter, nor did it claim that any material was exempt from disclosure under FOIA.

16. In its May 11, 2017 letter, Defendant stated "we will begin to process your request and will respond to you as soon as we are able."

17. Defendant did not communicate with Plaintiff again before May 31, 2017, the statutory deadline for Defendant to respond to Plaintiff's request.

18. Plaintiff patiently waited more than six months for Defendant to respond to Plaintiff's FOIA request. When Defendant failed to respond, Plaintiff

sent a follow-up email asking for an update on the processing of his request on November 17, 2017.

19. After more than nine months since its last communication, and after an additional follow-up email, Defendant replied on February 12, 2018 that Plaintiff's request "has not gotten lost." Defendant did not respond to the Plaintiff's request at this time.

20. On February 13, 2018, replying to a specific inquiry from Plaintiff, Defendant provided its first estimate of when it expected to respond to Plaintiff's request. Defendant stated that a "ballpark estimate would be 24 – 36 months." Defendant did not reply to an email from Plaintiff asking whether that was twenty-four to thirty-six months from that date or from the submission of the request.

21. On February 15, 2018, Plaintiff sent a letter to the NSA FOIA Public Liaison by email and certified mail.

22. By statute, FOIA Public Liaisons "serve as supervisory officials to whom a requester under this section can raise concerns about the service the requester has received from the FOIA Requester Center." 5 U.S.C. §552(l). Additionally, they "shall assist in the resolution of any disputes between the requester and the agency." 5 U.S.C. §552(a)(6)(B)(ii)).

23. As of the time of this filing, the NSA FOIA Public Liaison has ignored Plaintiff's request for assistance and a subsequent follow-up email and has not responded to the concerns raised by Plaintiff in his February 15 letter.

24. By statute, "any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. §552(a)(6)(C)(i).

25. Plaintiff made a request under paragraph 3 of that subsection.

26. Defendant NSA failed to comply with the applicable time limit provisions of that paragraph.

27. Plaintiff has exhausted his administrative remedies with respect to his request.

28. Plaintiff has made considerable efforts to resolve his dispute informally without initiating legal action, but Defendant has repeatedly ignored Plaintiff's communications over the course of more than ten months. This is true of both the NSA FOIA Requester Service Center Staff and the NSA FOIA Public Liaison who together, on information and belief, constitute Defendant NSA's mechanism for responding to FOIA requests and mediating disputes arising from the processing of these requests.

29. Because Defendant has neither made the requested records promptly available to Plaintiff, nor asserted that no responsive records exist or that responsive records are exempt from disclosure under FOIA, the records that Plaintiff requested from Defendant are being improperly withheld from Plaintiff.

30. This Court is empowered to "order the production of any agency records improperly withheld" from Plaintiff by 5 U.S.C. §552(a)(4)(B).

## COUNT 1: VIOLATION OF THE FREEDOM OF INFORMATION ACT

31. Paragraphs 1-30 of this complaint are re-alleged and incorporated by reference as if fully set forth herein.

32. Defendant NSA has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's May 1, 2017 FOIA request within the time limit imposed by 5 U.S.C. §552(a)(6)(A)(i), or otherwise denying the existence of such records or asserting that such records are exempt from disclosure under 5 U.S.C. §552(b).

## CONCLUSION

For the above-stated reasons, the Plaintiff hereby requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful, (2) order Defendant to search for and produce any and all non-exempt records, or reasonably segregable non-exempt portions of records, responsive to Plaintiff's May 1, 2017 request within 30 days of the date of the order, and (3) enjoin defendants from continuing to withhold the same, (4) order Defendants to provide a *Vaughn* index of responsive records subject to a claim of exemption, (5) grant Plaintiff litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E), and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 21, 2018

Respectfully submitted,

Brendan Bernicker

Brendan Bernicker, *Plaintiff*
107 Hillside Circle, Villanova PA 19085
bbernicker@gmail.com
(610) 203-0293



# IN THE UNITED STATES DISTRICT COURT

*for the*

## EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

BRENDAN BERNICKER
Plaintiff,

v.

NATIONAL SECURITY AGENCY
Defendant.

Civil Action No. 18 1243

*No Jury Trial Demanded*

## SUMMONS IN A CIVIL ACTION

To: Jefferson B. Sessions III
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you. Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure, as required by 5 U.S.C. §552(a)(4)(C). The answer or motion must be served on the plaintiff, whose name and address are:

Brendan Bernicker
107 Hillside Circle
Villanova, PA 19085

Alternatively, the Plaintiff will also accept service by email at bbernicker@gmail.com. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________

______________________________
*Signature of Clerk or Deputy Clerk*



# IN THE UNITED STATES DISTRICT COURT

*for the*

## EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

BRENDAN BERNICKER

Plaintiff,

v.

NATIONAL SECURITY AGENCY

Defendant.

Civil Action No. 18 1243

*No Jury Trial Demanded*

## SUMMONS IN A CIVIL ACTION

To: General Counsel
National Security Agency
9800 Savage Road
Fort George G. Meade, MD
20755-6000

A lawsuit has been filed against you. Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure, as required by 5 U.S.C. §552(a)(4)(C). The answer or motion must be served on the plaintiff, whose name and address are:

Brendan Bernicker
107 Hillside Circle
Villanova, PA 19085

Alternatively, the Plaintiff will also accept service by email at bbernicker@gmail.com. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________

______________________________
*Signature of Clerk or Deputy Clerk*



# IN THE UNITED STATES DISTRICT COURT

*for the*

## EASTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

BRENDAN BERNICKER
Plaintiff,

v.

NATIONAL SECURITY AGENCY
Defendant.

Civil Action No. 18 1243

*No Jury Trial Demanded*

## SUMMONS IN A CIVIL ACTION

To: Civil-Process Clerk
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

A lawsuit has been filed against you. Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure, as required by 5 U.S.C. §552(a)(4)(C). The answer or motion must be served on the plaintiff, whose name and address are:

Brendan Bernicker
107 Hillside Circle
Villanova, PA 19085

Alternatively, the Plaintiff will also accept service by email at bbernicker@gmail.com. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________

______________________________
*Signature of Clerk or Deputy Clerk*

BRENDAN BERNICKER
107 Hillside Circle, Villanova PA 19085
610-203-0293 bbernicker@gmail.com

---

March 21, 2018

U.S. District Court, ED of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

**RE: Pro Se Complaint Against the National Security Agency**

Clerk of Court:

Enclosed please find a Civil Complaint that I am filing against the National Security Agency, as well as what I believe to be all of the necessary paperwork. Please charge the filing fees to my credit card, for which the information is provided on the court's form.

I have provided three summonses that have been modified to reflect the fact that respondents are required to reply within 30 days to FOIA complaints. I have also enclosed a stamped and self-addressed envelope with which to return the summonses. I would be happy to e-file moving forward, but I am not an attorney so I do not know if that is allowed. If you need anything else, please call me at 610-203-0293 or email me at bbernicker@gmail.com.

Sincerely,
Brendan Bernicker

Brendan Bernicker
Graduate Student in Political Science
Penn State University
bbernicker@gmail.com
(610) 203-0293

Enclosures:

1. Cover Sheet
2. Complaint (6 pages)
3. Category Designation Form
4. Case Management Designation Form
5. Credit Card Collection Network Authorization Form
6. Three Summonses (one each for USAO, Attorney General, and NSA General Counsel)
7. Stamped and Self-Addressed Envelope (to return signed and sealed summonses)